UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| JULIE MCKINNEY, | No. _____ |
| Plaintiff, | **COMPLAINT** |
| vs. | Civil Rights Action (Title VII of the Civil Rights Act; the Americans With Disabilities Act; ORS Chapters 652, 653 and 659A) |
| CITY OF SUMPTER, an Oregon municipality, GREG LUCAS, JENNIFER LAKE MILLER, and CHARLIE BRISCOE, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff Julie McKinney ("Plaintiff") alleges:

## JURISDICTIONAL ALLEGATIONS

1.

Plaintiff is a resident and citizen of the State of Oregon, County of Baker, Sumpter, Oregon.

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR  97702
TELEPHONE 541.408-4557

2.

Defendant City of Sumpter is a city located in the State of Oregon, County of Baker (hereinafter the "City").

3.

Defendant Greg Lucas ("Lucas") was and/or is the Mayor of the City of Sumpter and serves on its City Council, and a resident of the State of Oregon, Baker County.

4.

Defendant Jennifer Lake Miller ("Miller") was and/or is a City Councilor for the City of Sumpter, and a resident of the State of Oregon, Baker County.

5.

Defendant Charlie Briscoe ("Briscoe") was and/or is a City Councilor for the City of Sumpter, and a resident of the State of Oregon, Baker County.

6.

The City acted with respect to Plaintiff in part by and through its City Council, which, at all times material, represented the final and official policy of the City in matters with respect to the employment of Plaintiff.

7.

Jurisdiction arises under 28 USC § 1331. The alleged acts occurred in the District of Oregon.

8.

Notice was given to Defendants pursuant to ORS 30.275.

## GENERAL ALLEGATIONS

9.

Plaintiff was employed by the City as its City Recorder starting on or about June 14, 2010 and continuing thereafter until November 15, 2019, at which time her employment was terminated. Plaintiff's husband or spouse, Karl Jeffery McKinney, also worked for the City

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR 97702
TELEPHONE 541.408-4557

starting on or about May 1, 2013, until November 15, 2020, at which time his employment was also terminated.

10.

Throughout 2019 and continuing thereafter, Plaintiff talked with and complained to the City (including Mayor Lucas) about its failure to pay her spouse for all of his overtime hours. Despite Plaintiff's and her spouse's requests, the City willfully failed and refused to pay Plaintiff's spouse overtime compensation at his overtime rate of pay for all of his overtime work.

11.

In or about February 2019 and continuing thereafter, Councilor Miller accused Plaintiff of reporting to governmental authorities that she and her construction contractor (Mayor Greg Lucas) did not have the proper building permits for her commercial construction project and that she was using an unlicensed contractor (Mayor Lucas) for the project.  After making this accusation, Councilor Miller threatened Plaintiff that she intended to have her fired, called her names, and cursed, yelled, bullied and otherwise harassed her.  Councilor Miller made a similar accusation against Plaintiff's husband, and he was also threatened, retaliated against and/or harassed by her.

12.

In late-February to early March 2019, Plaintiff learned that Councilor Briscoe was charging and receiving payment from the state of Oregon for plowing a City street, when City staff (her husband) was plowing that street on behalf of the City.  Councilor Briscoe was not licensed or insured to perform this work.  Plaintiff reported this to the City and its insurer, and in response was ordered by the City to back off and not pursue the matter any further.  After Plaintiff made this report, Councilor Briscoe threatened to have her fired.  Plaintiff's husband made a similar report and his employment with the City was also threatened.

13.

In early March 2019, Plaintiff complained to Mayor Lucas about the harassment,

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR  97702
TELEPHONE 541.408-4557

retaliation and bullying she was experiencing from Councilors Miller and Briscoe because of her complaints as described herein. Plaintiff's husband also opposed the unlawful treatment of his wife.

14.

In or about March 2019, Plaintiff complained to the City about repeated violations of City of Sumpter Resolution #360, which prohibits City Councilors who are not current on their City utility bills from voting on City Council matters. Without limitation, both Councilor Miller and Mayor Lucas were not current on their City utility bills but were nonetheless voting on City Council matters. In response to her complaint, Plaintiff was threatened that she would be placed on leave without pay if her utility bill was ever delinquent. Plaintiff's husband made a similar complaint and his job was also threatened.

15.

On or about March 6, 2019, shortly after Plaintiff made her complaints as described herein, Mayor Lucas called a special City Council meeting wherein he presented a Behavioral Policy and Disciplinary Action Policy. During the Council meeting, Mayor Lucas threatened and chastised City employees for not being respectful to the City Councilors. No mention was made of the City Councilors' treatment of Plaintiff and her spouse. Both the Behavioral and Disciplinary Action Policies were adopted by the City Council at this meeting. The Behavioral Policy required that, regardless of how Plaintiff or her spouse were treated by City residents (including its City Councilors), they were required to be respectful at all times or they would be subject to disciplinary action.

16.

The actions of the City, Mayor Lucas and Councilors Miller and Briscoe were in retaliation for Plaintiff bringing her concerns forward and were intended to chill or stop Plaintiff from raising concerns.

Page 4    COMPLAINT

17.

Starting on or about May 14, 2019 and continuing thereafter, Plaintiff expressed concern to the City that it had unlawfully placed another City employee on an indefinite unpaid suspension.

18.

After Plaintiff made her reports and complaints as described above, she was subjected to ongoing unlawful discrimination, harassment and retaliatory behavior by the City and City Councilors Miller and Briscoe and by Mayor Greg Lucas. In addition to the discriminatory, harassing and retaliatory behavior described herein, this unlawful behavior included (without limitation) repeated threats that she would be fired, name calling, cursing, yelling and bullying.

19.

Plaintiff suffers from post-traumatic stress disorder (PTSD). Plaintiff was subjected to ridicule by several City Councilors because of her PTSD. Plaintiff was absent from work from May 21, 2019 through May 27, 2019 because of her medical condition. The City and/or Councilor Briscoe openly discussed Plaintiff's medical absence and medical condition with members of the public without her consent. Councilor Briscoe also laughed about Plaintiff's medical condition and told members of the public that she had suffered a mental breakdown.

20.

On June 7, 2019, Plaintiff sent the City (addressed to Mayor Lucas) a written Notice of Tort Claims (ORS 30.275), which stated that she was being unlawfully harassed, discriminated and retaliated against by the City and Councilors Miller and Briscoe for reporting her concerns of unlawful and unethical actions and behaviors as described herein, and notified them that she intended to assert claims for damages against the City and Councilors Miller and Briscoe. Mayor Lucas received the letter on June 13, 2019.

21.

On June 7, 2019, Plaintiff's husband also sent the City (addressed to Mayor Lucas) a

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR  97702
TELEPHONE 541.408-4557

written Notice of Tort Claims (ORS 30.275), which stated that he would be asserting claims for damages against the City of Sumpter, along with Councilors Miller and Briscoe, based upon their unlawful discrimination, harassment and retaliation.  Mayor Lucas received the letter on June 13, 2019.

22.

On June 7, 2019, Plaintiff's spouse also sent the City (addressed to Mayor Lucas) a written demand and notice of wage claim for his unpaid overtime compensation for 2017, 2018 and 2019 and for liquidated damages and/or civil penalties.  Mayor Lucas received the demand letter on June 13, 2019.

23.

Prior to and as of June 7, 2019, according to her City supervisor, Council President Linda Wise, Plaintiff was performing her job satisfactorily.  Plaintiff had also not otherwise been informed by the City that she was not performing her job satisfactorily or that she had engaged in any misconduct.

24.

On June 14, 2019, just one day after Mayor Lucas received Plaintiff's and her spouse's letters, without any prior warning or notice, Plaintiff and her husband were both placed on administrative leave by Mayor Lucas (without a City Council vote or authorization, as required by City policy).  No reason was given to them by Mayor Lucas for the administrative leave. Plaintiff and her husband were immediately escorted from the City office by a Deputy Sheriff.

25.

On July 2, 2019, in letter backdated to June 14, 2019, Plaintiff was notified by Mayor Lucas that she was being placed on administrative leave until further notice due to allegations that "city funds and office equipement [sic] have been mismanaged and or used for personal gain and City documants [sic] have been misplaced."  The allegations against Plaintiff were false and without merit.  Plaintiff was told that she would be given an opportunity to respond to the

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR  97702
TELEPHONE 541.408-4557

allegations against her.  However, she was never interviewed or otherwise questioned by the City regarding the allegations.

26.

After being placed on administrative leave, the City and various City Councilors (including Councilors Miller and Briscoe) falsely and publicly stated that Plaintiff had stolen City funds.  The City (including Mayor Lucas) also falsely reported to City residents that Plaintiff was a criminal, that she was being investigated by the Oregon Department of Justice and/or a criminal prosecutor, that she would be removed from City employment in handcuffs, and that the City (prior to the conclusion of its "investigation") intended to fire her.

27.

Starting in late-July 2019 and continuing thereafter, Plaintiff and her husband submitted multiple requests to the City for a zoning permit application that was necessary for them to make improvements to their home.  In retaliation for Plaintiff's complaints and demands, the City ignored their requests and refused to provide them with the necessary application.

28.

Starting in late-July 2019 and continuing thereafter, Plaintiff made multiple public records requests to the City, including asking for City Council meeting minutes and recordings, many of which were relevant to her administrative leave.  In retaliation for Plaintiff's prior complaints and demands, the City ignored her requests and refused to produce anything in response to her requests.  Long after, the City stated that it would only produce documents if Plaintiff paid a substantial fee.  The City had never previously required a fee for meeting minutes, but rather routinely provided them free of charge or at minimal cost to Sumpter residents like Plaintiff.

29.

On September 11, 2019, Plaintiff requested a certified copy of her personnel records and also an opportunity to inspect her personnel files, as allowed by Oregon law.  Despite repeated

Page 7     COMPLAINT

follow up requests, Plaintiff did not receive anything from the City until November 4, 2019
(more than 45 days after she made the request, in violation of Oregon law).  The limited
personnel files produced by the City on that date were incomplete, and documents (including the
numerous positive comments and feedback that Plaintiff had received from City Council and the
Sumpter residents over the years) had been removed and were not provided.  Prior to being
placed on administrative leave, these documents were in Plaintiff's personnel file.  In addition,
negative documents about Plaintiff had been added to her personnel file that she had never seen
before and that had never previously been discussed with Plaintiff.

30.

On or about September 26, 2019, Plaintiff filed a complaint of unlawful employment
practices under state and federal law against the City, Mayor Lucas, and City Councilors Miller
and Briscoe with the Oregon Bureau of Labor & Industries (BOLI) and with the Equal
Employment Opportunity Commission (EEOC) (hereinafter "First BOLI Complaint").

31.

On October 30, 2019, Plaintiff learned that Mayor Lucas had called Baker County, and
claimed that she and her husband were unlawfully constructing a small shed in their back yard
without a permit.  Mayor Lucas knew that no permit was required from the County for the shed.
In addition, on November 6, 2019, a Baker County Assessor came to inspect Plaintiff's home
because it had been reported that Plaintiff was making improvements to her home (which were
not yet completed).  Upon information and belief, the City (through the Mayor and/or Councilors
Lake and Briscoe) called the Assessor and told him to inspect her home.

32.

On October 26, 2019, Plaintiff received a letter from the City purporting to identify
alleged deficiencies in her job performance.  The alleged deficiencies did not include theft of
City funds, or any of the reasons originally cited as the basis for Plaintiff's administrative leave
starting in June 2019.  The alleged performance deficiencies cited by the City were false, had not

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR  97702
TELEPHONE 541.408-4557

previously been raised with Plaintiff, and/or did not warrant termination without prior warning.

33.

On November 15, 2019, the City scheduled a public half hour "hearing" to address Plaintiff's termination. Prior to the hearing, Plaintiff informed the City that she was not medically released to attend the hearing and asked that it be postponed. The City refused to postpone the hearing and so Plaintiff was denied the opportunity to personally attend and address the false allegations made against her.

34.

On November 15, 2019, a majority of the City Council (including Mayor Lucas and Councilors Miller and Briscoe) voted to terminate Plaintiff's employment and her spouse's employment. Plaintiff's City supervisor, Council President Linda Wise, voted against the termination of Plaintiff's employment.

35.

Following Plaintiff's termination, the City failed to timely pay her all wages and other compensation due and owing to her, including her regular wages for November 1-15, 2019, and her accrued (unused) vacation pay. Plaintiff did not receive her final paycheck from the City until November 21, 2019, but it did not include her accrued (unused) vacation pay.

36.

On November 22, 2019, Plaintiff sent the City a written demand for full payment of her accrued (unused) vacation pay. On or about November 29, 2019, Plaintiff finally received a second paycheck that included her accrued (unused) vacation pay in the amount of $1,817.31.

37.

On January 28, 2020, Plaintiff filed a second complaint of unlawful employment practices under state and federal law with BOLI and the EEOC against the City, Mayor Lucas, and City Councilors Miller and Briscoe (hereinafter the "Second BOLI Complaint"). Plaintiff's spouse also filed complaints with BOLI and the EEOC alleging violations of both state and

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR  97702
TELEPHONE 541.408-4557

federal law in September 2019 and January 2020, which Plaintiff assisted and participated in.

38.

On or about September 25, 2020, Plaintiff informed BOLI that she was withdrawing her First BOLI Complaint and proceeding to court. On September 28, 2020, Plaintiff received a Notice of Right To File Civil Suit from BOLI on her First BOLI Complaint. On December 14, 2020, Plaintiff received a notice from the EEOC notifying Plaintiff that she had the right to institute a civil action in court on her First BOLI Complaint.

39.

On December 17, 2020, Plaintiff informed BOLI that she was withdrawing her Second BOLI Complaint and proceeding to court. On December 18, 2020, Plaintiff received a Notice of Right To File Civil Suit on her Second BOLI Complaint. On December 17, 2020, Plaintiff notified the EEOC that she was withdrawing her Second BOLI Complaint and proceeding to file in court.

40.

Following her termination and the filing of her BOLI/EEOC complaints, Plaintiff has continued to experience discriminatory and retaliatory behavior by the City, including being deprived of essential City services such as the timely plowing of snow on the City road leading to her house.

**FIRST CLAIM FOR RELIEF**

(ORS 652.140) (Against the City)

41.

Plaintiff realleges and incorporates by reference paragraphs 1 through 40 of this Complaint.

41.

Plaintiff was terminated on November 15, 2020, but she did not receive all wages and other compensation due and to her by the next business day, in violation of ORS 652.140.

Page 10     COMPLAINT

Without limitation, Plaintiff did not receive her regular wages for November 1-15, 2019 until November 21, 2019, and did not receive her accrued (unused) vacation pay in the amount of $1,817.31 until November 29, 2019.

42.

On November 22, 2019, Plaintiff sent a written demand to the City for full payment of her accrued (unused) vacation pay.  Pursuant to ORS 652.150, Plaintiff is entitled to an award of penalty wages in the amount of $1,453.85, plus an award of her attorney fees pursuant to ORS 652.200.

## SECOND CLAIM FOR RELIEF

(ORS 652.035)

43.

Plaintiff realleges and incorporates by reference paragraphs 1 through 42 of this Complaint.

44.

The City unlawfully retaliated against and/or discriminated against Plaintiff with regard to her tenure and the terms and conditions of her employment because she inquired about her husband's overtime hours and payment for his overtime hours and/or reported a violation and/or filed a complaint(s) with BOLI, in violation of ORS 652.035.  The unlawful retaliation and discrimination includes the City's actions regarding Plaintiff as described in this Complaint, including (without limitation): (a) threatening Plaintiff with discipline and/or termination; (b) placing Plaintiff on administrative leave without good cause; (c) falsely claiming and publicly reporting that Plaintiff stole City funds, was a criminal and was under investigation by the DOJ and/or a criminal prosecutor, and that she would be removed from her employment in handcuffs; (d) making false statements about Plaintiff and her work; (e) publicly disclosing Plaintiff's medical condition and reporting that she had a mental breakdown; (f) depriving Plaintiff of requested applications and public records; (g) falsely reporting her to Baker County regarding

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR  97702
TELEPHONE 541.408-4557

her shed and initiating an inspection by the Baker County assessor; (h) refusing to reschedule her termination hearing when she was medically unable to attend; (i) terminating her employment; (j) failing to timely provide her with and tampering with her personnel file; (k) failing to timely pay her all wages and other compensation due and owing to her upon her termination; and (l) depriving her of City services.

45.

Plaintiff has suffered economic damages, including lost wages and benefits, as a result of Defendant's unlawful actions in an amount to be proven at trial, but in an amount not less than $100,000,  together with pre-judgment and post-judgment interest, pursuant to ORS 659A.885(a), and/or as special damages under common law.  Plaintiff is entitled to an award of pre-judgment interest on her back pay damages at the prescribed statutory rate, calculated from the date of Plaintiff's termination until the date of the back pay award.

46.

Plaintiff suffered non-economic damages as a result of the City's unlawful actions, including emotional pain and suffering and humiliation, in an amount to be proven at trial, but in an amount not less than $250,000.

47.

Plaintiff is entitled to an award of her costs, disbursements, expert witness fees and attorney fees pursuant to ORS 20.107 and ORS 659A.885.

### THIRD CLAIM FOR RELIEF

(ORS 653.060) (Against the City)

48.

Plaintiff realleges and incorporates by reference paragraphs 1 through 47 of this Complaint.

49.

The City unlawfully discharged and discriminated against Plaintiff as described in this

Page 12    COMPLAINT

Complaint (including (without limitation) Paragraph 44) because she inquired about her spouse's overtime compensation, reported a violation of and/or filed a complaint or instituted and participated in a proceeding related to ORS 653.010 et seq., in violation of ORS 653.060.

50.

Plaintiff has suffered economic damages, including lost wages and benefits, as a result of Defendant's unlawful actions in an amount to be proven at trial, but in an amount not less than $100,000, together with pre-judgment and post-judgment interest, pursuant to ORS 659A.885(a), and/or as special damages under common law. Plaintiff is entitled to an award of pre-judgment interest on her back pay damages at the prescribed statutory rate, calculated from the date of Plaintiff's termination until the date of the back pay award.

51.

Plaintiff suffered non-economic damages as a result of Defendant's unlawful actions, including emotional pain and suffering and humiliation, in an amount to be proven at trial, but in an amount not less than $250,000.

52.

Plaintiff is entitled to an award of her costs, disbursements, expert witness fees and attorney fees pursuant to ORS 20.107 and ORS 659A.885.

## FOURTH CLAIM FOR RELIEF

(ORS 659A.355) (Against the City)

53.

Plaintiff realleges and incorporates by reference paragraphs 1 through 52 of this Complaint.

54.

The City unlawfully discharged, discriminated and/or retaliated against Plaintiff with regard to her compensation or other terms, conditions or privileges of her employment as described in this Complaint (including (without limitation) Paragraph 44) because she (a)

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR  97702
TELEPHONE 541.408-4557

inquired about, discussed or disclosed her husband's wages (including his overtime compensation); and/or (b) made a charge and filed a complaint based on her disclosure of wage information.

55.

Plaintiff has suffered economic damages, including lost wages and benefits, as a result of Defendant's unlawful actions in an amount to be proven at trial, but in an amount not less than $100,000, together with pre-judgment and post-judgment interest, pursuant to ORS 659A.885(a), and/or as special damages under common law. Plaintiff is entitled to an award of pre-judgment interest on her back pay damages at the prescribed statutory rate, calculated from the date of Plaintiff's termination until the date of the back pay award.

56.

Plaintiff suffered non-economic damages as a result of Defendant's unlawful actions, including emotional pain and suffering and humiliation, in an amount to be proven at trial, but in an amount not less than $250,000.

57.

Plaintiff is entitled to an award of her costs, disbursements, expert witness fees and attorney fees pursuant to ORS 20.107 and ORS 659A.885.

**FIFTH CLAIM FOR RELIEF**

(ORS 659A.199) (Against the City)

58.

Plaintiff realleges and incorporates by reference paragraphs 1 through 57 of this Complaint.

59.

Plaintiff reported to the City what she believed in good faith was evidence of a violation of a state or federal law, rule or regulation. Without limitation, Plaintiff: (a) reported that her husband was not being paid overtime compensation in violation of state and federal law; (b)

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR 97702
TELEPHONE 541.408-4557

reported violations of law in her June 7, 2019 Tort Claims Notice; (c) the City had unlawfully placed another City employee on an indefinite unpaid suspension; and (d) reported violations of state and federal the law in her First and Second BOLI Complaints.

60.

Plaintiff was unlawfully discharged, discriminated and retaliated against by the City with regard to the terms, conditions and privileges of employment for making these reports as described in this Complaint (including (without limitation) Paragraph 44), in violation of ORS 659A.199.

61.

Plaintiff has suffered economic damages, including lost wages and benefits, as a result of Defendant's unlawful actions in an amount to be proven at trial, but in an amount not less than $100,000, together with pre-judgment and post-judgment interest, pursuant to ORS 659A.885(a), and/or as special damages under common law.  Plaintiff is entitled to an award of pre-judgment interest on her back pay damages at the prescribed statutory rate, calculated from the date of Plaintiff's termination until the date of the back pay award.

62.

Plaintiff suffered non-economic damages as a result of Defendant's unlawful actions, including emotional pain and suffering and humiliation, in an amount to be proven at trial, but in an amount not less than $250,000.

63.

Plaintiff is entitled to an award of her costs, disbursements, expert witness fees and attorney fees pursuant to ORS 20.107 and ORS 659A.885.

## SIXTH CLAIM FOR RELIEF

(ORS 659A.203 et. seq.) (All Defendants)

64.

Plaintiff realleges and incorporates by reference paragraphs 1 through 63 of this

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR  97702
TELEPHONE 541.408-4557

Complaint.

65.

In violation of ORS 659A.203, as described herein, Plaintiff was discouraged, restrained, coerced, prevented, interfered with, and/or prohibited from disclosing, and was threatened with disciplinary action and/or disciplined for, disclosing information she reasonably believed was: (a) a violation of federal, state or local law, rule or regulation by the City and Mayor Lucas and Councilors Miller and Briscoe; and/or (b) a gross waste of funds or abuse of authority or substantial and specific danger to public health and safety resulting from the actions of the City, Mayor Lucas and/or Councilors Miller and Briscoe.

66.

Plaintiff has suffered economic damages, including lost wages and benefits, as a result of Defendant's unlawful actions in an amount to be proven at trial, but in an amount not less than $100,000, together with pre-judgment and post-judgment interest, pursuant to ORS 659A.885(a), and/or as special damages under common law. Plaintiff is entitled to an award of pre-judgment interest on her back pay damages at the prescribed statutory rate, calculated from the date of Plaintiff's termination until the date of the back pay award.

67.

Plaintiff suffered non-economic damages as a result of Defendants' unlawful actions, including emotional pain and suffering and humiliation, in an amount to be proven at trial, but in an amount not less than $250,000.

68.

Plaintiff is entitled to an award of her costs, disbursements, expert witness fees and attorney fees pursuant to ORS 20.107 and ORS 659A.885.

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR 97702
TELEPHONE 541.408-4557

## SEVENTH CLAIM FOR RELIEF

(ORS 659A.112) (Against the City)

69.

Plaintiff realleges and incorporates by reference paragraphs 1 through 68 of this Complaint.

70.

The City unlawfully discriminated against Plaintiff in the terms, conditions and privileges of employment, and discharged her, because of her disability, in violation of ORS 659A.112. Without limitation, the City and City Councilors (including Councilor Briscoe) disclosed and mocked Plaintiff's medical condition, falsely accused her of having a mental breakdown, refused to accommodate her medical condition by continuing the November 15 hearing, and then terminated her employment.

71.

Plaintiff has suffered economic damages, including lost wages and benefits, as a result of Defendant's unlawful actions in an amount to be proven at trial, but in an amount not less than $100,000, together with pre-judgment and post-judgment interest, pursuant to ORS 659A.885(a), and/or as special damages under common law.  Plaintiff is entitled to an award of pre-judgment interest on her back pay damages at the prescribed statutory rate, calculated from the date of Plaintiff's termination until the date of the back pay award.

72.

Plaintiff suffered non-economic damages as a result of Defendant's unlawful actions, including emotional pain and suffering and humiliation, in an amount to be proven at trial, but in an amount not less than $250,000.

73.

Plaintiff is entitled to an award of her costs, disbursements, expert witness fees and attorney fees pursuant to ORS 20.107 and ORS 659A.885.

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR  97702
TELEPHONE 541.408-4557

**EIGTH CLAIM FOR RELIEF**

(ORS 659A.109) (Against the City)

74.

Plaintiff realleges and incorporates by reference paragraphs 1 through 73 of this Complaint.

75.

The City unlawfully discriminated against Plaintiff with respect to her tenure and the terms and conditions of employment because she: (a) applied for benefits or invoked or used the procedures provided in ORS 659A.103 to ORS 659A.145; and/or (b) gave testimony under the provisions of ORS 659A.103 to ORS 659A.145.  Without limitation, Plaintiff invoked her rights by requesting and taking a leave for her medical condition and requesting a continuance to the November 15 hearing due to her medical condition.  In addition, Plaintiff gave testimony under the provisions of ORS 659A.103 to ORS 659A.145 as part of her First and Second BOLI Complaints, which included violations of ORS 659A.109 and .112.

76.

Plaintiff has suffered economic damages, including lost wages and benefits, as a result of Defendant's unlawful actions in an amount to be proven at trial, but in an amount not less than $100,000, together with pre-judgment and post-judgment interest, pursuant to ORS 659A.885(a), and/or as special damages under common law.  Plaintiff is entitled to an award of pre-judgment interest on her back pay damages at the prescribed statutory rate, calculated from the date of Plaintiff's termination until the date of the back pay award.

77.

Plaintiff suffered non-economic damages as a result of Defendant's unlawful actions, including emotional pain and suffering and humiliation, in an amount to be proven at trial, but in an amount not less than $250,000.

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR  97702
TELEPHONE 541.408-4557

78.

Plaintiff is entitled to an award of her costs, disbursements, expert witness fees and attorney fees pursuant to ORS 20.107 and ORS 659A.885.

## TENTH CLAIM FOR RELIEF

(Americans With Disabilities Act, 42 U.S.C. §§ 12101 et seq.) (Against the City)

79.

Plaintiff realleges and incorporates by reference paragraphs 1 through 83 of this Complaint.

80.

The City unlawfully discriminated against Plaintiff with respect to her tenure and the terms and conditions of employment because she applied for benefits or invoked her rights under the ADA. Without limitation, Plaintiff invoked her rights by requesting and taking a leave of absence for her medical condition and requesting a continuance to the November 15 hearing due to her medical condition. In addition, Plaintiff invoked her rights under the ADA by asserted claims against the City under the ADA as part of her BOLI Complaints.

81.

Plaintiff has suffered economic damages, including lost wages and benefits, as a result of Defendant's unlawful actions in an amount to be proven at trial, but in an amount not less than $100,000, together with pre-judgment and post-judgment interest. Plaintiff is entitled to an award of pre-judgment interest on her back pay damages at the prescribed statutory rate, calculated from the date of Plaintiff's termination until the date of the back pay award.

82.

Plaintiff suffered non-economic damages as a result of Defendant's unlawful actions, including emotional pain and suffering and humiliation, in an amount to be proven at trial, but in an amount not less than $250,000.

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR  97702
TELEPHONE 541.408-4557

83.

Plaintiff is entitled to an award of her costs, disbursements, expert witness fees and attorney fees pursuant to 42 U.S.C. §§ 12101 et seq.

## ELEVENTH CLAIM FOR RELIEF

(ORS 659A.030(1)(a) & (b) (Against the City)

84.

Plaintiff realleges and incorporates by reference paragraphs 1 through 83 of this Complaint.

85.

The City unlawfully discriminated against Plaintiff in the terms, conditions and privileges of employment, and discharged her, as described herein, because of her marital status and/or the marital status of a person with whom she was associated, her husband (another City employee), in violation of ORS 659A.030(1)(a) and (b).

86.

Plaintiff has suffered economic damages, including lost wages and benefits, as a result of Defendants' unlawful actions in an amount to be proven at trial, but in an amount not less than $100,000, together with pre-judgment and post-judgment interest, pursuant to ORS 659A.885(a), and/or as special damages under common law.  Plaintiff is entitled to an award of pre-judgment interest on her back pay damages at the prescribed statutory rate, calculated from the date of Plaintiff's termination until the date of the back pay award.

87.

Plaintiff suffered non-economic damages as a result of Defendants' unlawful actions, including emotional pain and suffering and humiliation, in an amount to be proven at trial, but in an amount not less than $250,000.

88.

Plaintiff is entitled to an award of her costs, disbursements, expert witness fees and

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR  97702
TELEPHONE 541.408-4557

attorney fees pursuant to ORS 20.107 and ORS 659A.885.

## TWELTH CLAIM FOR RELIEF

### (ORS 659A.030(1)(f) (All Defendants)

89.

Plaintiff realleges and incorporates by reference paragraphs 1 through 88 of this Complaint.

90.

As described herein, the City, Mayor Lucas and Councilors Miller and Briscoe unlawfully discharged, expelled and otherwise discriminated against Plaintiff because she opposed their unlawful employment practices under ORS Chapter 659A against both herself and her spouse, and/or because Plaintiff filed a complaint, testified in and/or assisted in a proceeding under ORS Chapter 659A, including her First and Second BOLI Complaints along with her spouse's claims filed against Defendants with BOLI and the EEOC.

91.

Plaintiff has suffered economic damages, including lost wages and benefits, as a result of Defendants' unlawful actions in an amount to be proven at trial, but in an amount not less than $100,000, together with pre-judgment and post-judgment interest, pursuant to ORS 659A.885(a), and/or as special damages under common law. Plaintiff is entitled to an award of pre-judgment interest on her back pay damages at the prescribed statutory rate, calculated from the date of Plaintiff's termination until the date of the back pay award.

92.

Plaintiff suffered non-economic damages as a result of Defendants' unlawful actions, including emotional pain and suffering and humiliation, in an amount to be proven at trial, but in an amount not less than $250,000.

93.

Plaintiff is entitled to an award of her costs, disbursements, expert witness fees and

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR 97702
TELEPHONE 541.408-4557

attorney fees pursuant to ORS 20.107 and ORS 659A.885.

## THIRTEETH CLAIM FOR RELIEF

(ORS 659A.030(1)(g) (All Defendants)

94.

Plaintiff realleges and incorporates by reference paragraphs 1 through 93 of this Complaint.

95.

The City, Mayor Lucas and Councilors Miller and Briscoe aided, abetted, incited, and/or compelled the doing of acts forbidden by ORS Chapter 659A, as described herein, and/or attempted to do so, in violation of ORS 659A.030(1)(g).

96.

Without limitation, Defendants helped, assisted and/or facilitated the commission of the unlawful employment practices described in this Complaint, and/or otherwise promoted the accomplishment thereof, helping in advancing or bringing them about, and/or encouraged, counseled and/or incited their commission.

97.

Plaintiff has suffered economic damages, including lost wages and benefits, as a result of Defendants' unlawful actions in an amount to be proven at trial, but in an amount not less than $100,000, together with pre-judgment and post-judgment interest, pursuant to ORS 659A.885(a), and/or as special damages under common law. Plaintiff is entitled to an award of pre-judgment interest on her back pay damages at the prescribed statutory rate, calculated from the date of Plaintiff's termination until the date of the back pay award.

98.

Plaintiff suffered non-economic damages as a result of Defendant's unlawful actions, including emotional pain and suffering and humiliation, in an amount to be proven at trial, but in an amount not less than $250,000.

Page 22    COMPLAINT

99.

Defendants are jointly and severally liable for all of Plaintiff's economic and noneconomic damages.

100.

Plaintiff is entitled to an award of her costs, disbursements, expert witness fees and attorney fees pursuant to ORS 20.107 and ORS 659A.885.

## FOURTEENTH CLAIM FOR RELIEF

(Title VII of the CRA of 1964, 42 U.S.C. §§ 2000e et seq.)

101.

Plaintiff realleges and incorporates by reference paragraphs 1 through 100 of this Complaint.

102.

Defendants unlawfully retaliated against Plaintiff because she opposed practices made unlawful under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et seq.), and/or because she made a charge, testified in and/or participated in a proceeding under Title VII with the EEOC, including without limitation her First and State BOLI Complaints alleging violations of Title VII and the Americans With Disabilities Act, along with her husband's complaints filed with the EEOC alleging violations of Title VII, the Americans With Disabilities Act, and the Age Discrimination in Employment Act.

103.

Plaintiff has suffered economic damages, including lost wages and benefits, as a result of Defendants' unlawful actions in an amount to be proven at trial, but in an amount not less than $100,000, together with pre-judgment and post-judgment interest. Plaintiff is entitled to an award of pre-judgment interest on her back pay damages at the prescribed statutory rate, calculated from the date of Plaintiff's termination until the date of the back pay award.

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR 97702
TELEPHONE 541.408-4557

104.

Plaintiff suffered non-economic damages as a result of Defendant's unlawful actions, including emotional pain and suffering and humiliation, in an amount to be proven at trial, but in an amount not less than $250,000.

105.

Plaintiff is entitled to an award of her costs, disbursements, expert witness fees and attorney fees pursuant to 42 U.S.C. §§ 2000e et seq.

**FIFTEENTH CLAIM FOR RELIEF**

(ORS 653.641) (Against the City)

106.

Plaintiff realleges and incorporates by reference paragraphs 1 through 105 of this Complaint.

107.

The City unlawfully discriminated against Plaintiff with respect to the terms and conditions of employment because she: (a) inquired about taking job protected sick leave under ORS 653.601 to 653.661; (b) submitted a request for sick leave; and/or (c) participated in an investigation or proceeding related to ORS 653.601 to 653.661. Plaintiff invoked her rights by requesting and taking sick leave under ORS 653.641 et seq, for her medical condition. In addition, Plaintiff gave testimony under the provisions of ORS 653.601 to 653.661 as part of her First and Second BOLI Complaints, which included violations of ORS 653.641.

108.

Plaintiff has suffered economic damages, including lost wages and benefits, as a result of Defendant's unlawful actions in an amount to be proven at trial, but in an amount not less than $100,000, together with pre-judgment and post-judgment interest, pursuant to ORS 659A.885(a), and/or as special damages under common law. Plaintiff is entitled to an award of pre-judgment interest on her back pay damages at the prescribed statutory rate, calculated from the date of

Page 24     COMPLAINT

Plaintiff's termination until the date of the back pay award.

109.

Plaintiff suffered non-economic damages as a result of Defendant's unlawful actions, including emotional pain and suffering and humiliation, in an amount to be proven at trial, but in an amount not less than $250,000.

110.

Plaintiff is entitled to an award of her costs, disbursements, expert witness fees and attorney fees pursuant to ORS 20.107 and ORS 659A.885.

WHEREFORE, Plaintiff prays for the following relief:

1. Penalty wages under ORS 652.150 in the amount of $1,453.85;

2. Lost back and future wages and benefits in an amount to be proven at trial, but not less than $100,000;

3. Non-economic damages in an amount to be proven at trial, but in no event less than $250,000;

4. Pre-judgment interest;

5. Post-judgment interest;

6. Plaintiff's reasonable attorneys' fees, expert witness fess, and costs and disbursements incurred herein;

7. On all claims, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over time;

8. Such other equitable relief as the court may deem necessary and proper; and

9. Trial by jury.

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR 97702
TELEPHONE 541.408-4557

DATED: December 22, 2020.

By:    /s/Katherine C. Tank
Katherine C. Tank, OSB #883199
Tank Law, PC
404 SW Columbia St., Suite 208
Bend, OR 97702
(541)408-4557
katherinectank@gmail.com

Of Attorney for Plaintiff Julie McKinney

Page 26    COMPLAINT